# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **N.F. and D.J.**

**No. 22-695** (Randolph County 22-JA-002 and 22-JA-003)

## MEMORANDUM DECISION

Petitioner Mother M.P.[1] appeals the Circuit Court of Randolph County's August 5, 2022, order terminating her parental rights to N.F. and D.J.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In January of 2022, the DHHR filed a petition alleging that petitioner and her paramour severely abused and neglected N.F. The petition stated that law enforcement officers responded to the home after a neighbor contacted the police concerning then-nine-year-old N.F. climbing onto the roof of his home seeking help. The neighbor reported that N.F. asked for a phone so he could call the police claiming that he had been locked in his room. When law enforcement officers arrived, they inspected the home and found N.F.'s room locked from the outside. Upon entering N.F.'s room, they observed that it was so cold they could see their breath. The room contained only a mattress, one blanket, a roll of toilet paper, and a container that served as a toilet. They also observed that N.F.'s hands were "like ice." The officers reported that N.F. was trembling and immediately asked for food. N.F. told the officers that he had been locked in his room for a week and given rice only once per day. He also reported that petitioner and her paramour tased him and regularly beat him with a belt. The officers observed tasing marks on the child's back and bruising all over his body consistent with belt marks. The officers arrested petitioner and found a stun gun in her purse as well as the stick that N.F. said was used to beat him. During her interview with the officers, petitioner admitted knowing about the limited feedings, tasings, and beatings and admitted that it had gotten "out of hand."

---

[1]Petitioner appears by counsel J. Brent Easton. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Melissa T. Roman appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

The circuit court held a contested adjudicatory hearing in March of 2022, during which it accepted into evidence the children's advocacy center ("CAC") interviews of N.F. and D.J., N.F.'s older sister who also lived in the home. The investigating officer's testimony was consistent with the allegations in the petition. The guardian called petitioner to testify, but petitioner asserted her fifth amendment right against self-incrimination in response to most of the questions. After the court reviewed the CAC interviews, it adjudicated petitioner as an abusing and neglecting parent, finding that petitioner knew N.F. was locked in his room with no heat and no access to a bathroom, was served little food, and was punished when he escaped to use the restroom or obtain food and water. The court also noted that during her CAC interview D.J. disclosed witnessing N.F.'s abuse.

The circuit court held a dispositional hearing in July of 2022, during which it took judicial notice of all prior evidence. Petitioner moved for an alternative disposition rather than the termination of her parental rights and asked the court to consider placing the children in guardianships. The DHHR and guardian moved for the termination of petitioner's parental rights. The court found that petitioner failed to accept responsibility for the "significant" abuse in the home. The court found that "what was taking place with this child [N.F. was] unconscionable" and noted that petitioner and other adults in the home left N.F. in a room with no heat in January, beat him with "2x4s," punched him, tased him, and punished him for seeking food. The court concluded that there were no services the DHHR could provide to remedy such severe abuse by a parent and found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future. It concluded that termination of petitioner's parental rights was necessary for the children's welfare. Consequently, the court terminated petitioner's parental rights by order entered on August 5, 2022.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner's sole argument on appeal is that the circuit court erred in terminating her parental rights rather than implementing a less restrictive dispositional alternative such as terminating her custodial rights only.[4]

Upon our review, we find no error, as a less restrictive dispositional alternative was clearly unwarranted under these facts. There is no reasonable likelihood that the conditions of abuse and neglect can be corrected when

---

[3]N.F.'s father's parental rights were previously terminated. D.J.'s father voluntarily relinquished his parental rights. The permanency plan for the children is adoption by the same foster family.

[4]Petitioner also argues that she should retain her parental rights to D.J. because D.J. could be reunified with the father. We find no merit to this argument. "[S]imply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain []her parental rights if []her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *In re Emily*, 208 W. Va. 325, 344, 540 S.E.2d 542, 561 (2000). Therefore, even if D.J. is somehow reunified with her father, petitioner is still not entitled to relief in this regard.

[t]he abusing parent or parents have repeatedly or seriously injured the child physically or emotionally, or have sexually abused or sexually exploited the child, and the degree of family stress and the potential for further abuse and neglect are so great as to preclude the use of resources to mitigate or resolve family problems, or assist the abusing parent or parents in fulfilling their responsibilities to the child[.]

W. Va. Code § 49-4-604(d)(5). Here, the facts bear out that N.F. suffered from repeated significant physical and emotional abuse while in petitioner's care and that D.J. witnessed the abuse of her sibling. As such, the circuit court's finding that the DHHR could not provide any services to remedy the conditions of abuse and neglect is fully supported. Additionally, petitioner failed to acknowledge the conditions of abuse and neglect, which supports the court's finding that termination was necessary to protect the children from further abuse. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("Failure to acknowledge the existence of the problem . . . results in making the problem untreatable."). Accordingly, we find no error in the circuit court's decision to terminate petitioner's parental rights to the children. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed . . . when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected").

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 5, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: May 16, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn